```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                         DISTRICT OF VERMONT

Kenneth Bailey, Sr.,            :
        Plaintiff,              :
                                :
        v.                      :       File No. 1:08-CV-80
                                :
Kris Goldstein,                 :
        Defendant.              :
```

OPINION AND ORDER
(Papers 6 and 8)

Plaintiff Kenneth Bailey, Sr., a Vermont inmate proceeding *pro se*, initiated this action claiming wrongful conduct by his probation officer. On August 21, 2008, the defendant filed a motion to dismiss. On September 17, 2008, Bailey responded with a motion for voluntarily dismissal without prejudice. The defendant does not oppose Bailey's motion, but maintains that the case should be dismissed *with* prejudice.

Under Fed. R. Civ. P. 41(a)(1)(A)(i), a plaintiff may dismiss an action without a court order by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment." Here, the defendant has moved to dismiss, but has not filed either an answer or a motion for summary judgment. The Court therefore construes Bailey's filing as a notice of dismissal submitted pursuant to Rule 41(a)(1)(A)(i). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (courts must construe *pro se* filings liberally). Dismissal pursuant to such a notice is without prejudice unless otherwise stated. Fed. R. Civ. P. 41(a)(1)(B).

The defendant argues that the filing of her motion to dismiss takes away Bailey's right to dismiss his case unilaterally.  However, courts generally do not consider "other filings, such as Defendant's motion to dismiss, to serve the equivalent of answers or summary judgment motions that would prevent plaintiffs from voluntarily dismissing their cases; to do so would be to require the courts to intervene frequently, which would no longer make Rule 41(a)(1)(i) dismissals self-executing, as they were intended to be."  Medina v. Pataki, 2007 WL 1577755, at *2 (N.D.N.Y. May 31, 2007); see also Vargas v. Bennington VT Police Dep't, 2007 WL 3143325, at *1 (D. Vt. Oct. 24, 2007).

The defendant relies upon the Second Circuit's decision in Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990).  In Zagano, the plaintiff moved for dismissal under Rule 41(a)(2), thus requiring court review and a court order.  900 F.2d at 14.  In this case, because no answer or motion for summary judgment has been filed, Rule 41(a)(1) governs and Rule 41(a)(2) does not apply.  Zagano is, therefore, inapposite.

The Second Circuit has referred to Rule 41(a)(1) as "unambiguous" and has emphasized that "[o]nly the occurrence of one of the two events specified in the rule can cut off the plaintiff's right unilaterally to dismiss the action."  Santiago v. Victim Servs. Agency, 753 F.2d 219, 222 (2d Cir. 1985), abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.,

2

496 U.S. 384 (1990); see also Thorp v. Scarne, 599 F.2d 1169, 1175 (2d Cir. 1979) (referring to rule as a "bright-line test"). Because the defendant has not filed either an answer or a motion for summary judgment, the Court must allow Bailey to voluntarily dismiss his complaint without prejudice.  Accordingly, the plaintiff's motion to dismiss (Paper 8) is GRANTED, the defendant's motion to dismiss (Paper 6) is DENIED as MOOT, and this case is DISMISSED without prejudice.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 19th day of September, 2008.

    /s/ J. Garvan Murtha
    J. Garvan Murtha
    United States District Judge